**HOLLYTEX CARPET MILLS, Appellant,**

v.

**John V. TEDFORD and Viola J. Tedford, Appellees.**

**Civ. No. 81–5105.**

United States District Court, W.D. Arkansas, Fayetteville Division.

May 7, 1982.

James W. Stanley, Jr., Blevins, Pierce & Stanley, North Little Rock, Ark., for appellant.

Jill R. Jacoway, Herdlinger, Jacoway & Stanley, Springdale, Ark., for appellees.

## OPINION

### H. FRANKLIN WATERS, Chief Judge.

This is a bankruptcy appeal from the United States Bankruptcy Court for the Western District of Arkansas. On June 17, 1981, debtors/appellees John V. and Viola J. Tedford filed their Third Amended Chapter 13 Plan. On June 23, 1981, the creditor/appellant filed the following objections to confirmation of the plan:

1. That on June 17, 1981, Act 419 of the 1981 General Assembly became effective.

2. That Act 419 prohibits Arkansas residents from utilizing the federal exemptions set forth in § 522(d) of the Bankruptcy Code.

3. Debtors have elected to utilize the federal exemptions and their plan, as amended, should not be confirmed by this Court due to such electives.

4. That the debtors cannot choose the federal exemptions at this time and that certain property they have heretofore exempted pursuant to the Code is not now exemptable and that Creditor Hollytex will receive more if the debtors were to file under Chapter 7 of the Bankruptcy Code as the debtors could only utilize the state exemption as set forth in the Arkansas Constitution.

A hearing was held before Judge Charles W. Baker on June 23, 1981. Noting on his trial memo that the "new exemption [is] not applicable to modification of plan," Judge Baker overruled the appellant's objection to the confirmation.

After considering the designated record and the briefs submitted by the parties, the Court finds the Bankruptcy Judge's decision to confirm the plan should be affirmed.

■ A debtor may exempt any property that is exempt under federal, state or local law on *the date of filing of the petition.* 11 U.S.C. § 522(b). The petition *commences* the case. 11 U.S.C. 101(31). Appellees are correct in concluding:

Debtors' amended plan may have been filed and confirmed after the allowable exemptions were changed in Arkansas, but Debtors are still entitled to the same exemptions as were in effect when they filed their *Petition* on May 14, 1980.

■ The objection to confirmation on the basis of the appellant's judicial lien will not be considered for the first time on appeal. This Court's scope of review is limited to the record and to that which was presented to the bankruptcy judge. *In re Taylor Oak Flooring Co.,* 87 F.Supp. 6 (W.D.Ark.1949).

A separate order will be entered in accord with this opinion.