**In the Matter of Clay Benjamin STATMORE, Sarah Frances Statmore, Debtors.**

**Bankruptcy No. BK80–2583.**

United States Bankruptcy Court, D. Nebraska.

July 28, 1982.

Clay B. Statmore, Lincoln, Neb., for debtors.

Stanley H. Foster, Lincoln, Neb., for Nat. Bank of Commerce Trust & Savings Ass'n.

## MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

In this Chapter 13 proceeding, the debtors have filed a proposed modification of their confirmed Chapter 13 plan which seeks to reduce the amount payable to unsecured creditors from $6,000 to zero. The justification given by the debtors in the evidence before me is that the assets which creditors could look to have changed since the Chapter 13 petition was filed, and because of that change, the debtors' current assets are now totally exempt under applicable law. Accordingly, the debtors argue, the plan satisfies the requirement of § 1325(a)(4) in that as of this date unsecured creditors in a Chapter 7 liquidation would receive nothing.

The debtors point to 11 U.S.Code § 1325(a)(4) which provides that the Court shall confirm a plan if:

"... the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim

if the estate of the debtor were liquidated under Chapter 7 of this title *on such date*;"

■ The issue before me is to which date the statutory language "on such date" refers. The debtors argue that the statutory language refers to "the effective date of the plan" and that, as a result, the date of their proposed modification, which would take effect today rather than at some earlier point in time, is to be the measure for the amount to be paid to unsecured creditors.

It is difficult to read the statutory language as referring to other than "the effective date of the plan." However, that does not necessarily mean that only the assets which would be available to creditors on that date are the appropriate measure.

Historically, the date of the filing of the petition in bankruptcy has been the cleavage date in defining rights of the debtor and his creditors. Trustee's avoiding powers generally arise on that date and debtors' rights in exempt property also are defined on that date. Similarly, creditors' claims to assets are determined as of that point in time, at least generally. Nothing in the legislative history suggests that this historical concept is expressly modified by the use of the statutory language now under consideration.

Viewed with that historical perspective, I read the statutory language "on such date" to refer to the effective date of the plan but not to the assets in existence on the effective date of the plan. I read the statutory provision to suggest that if the estate of the debtor were liquidated under Chapter 7 on the effective date of the plan, the rights of creditors would refer back to the petition date. Their rights to avoid preferences and fraudulent conveyances and to pursue the debtor for conversion of estate assets would all be fixed as of the original petition date.

■ Accordingly, since the proposed modification of the debtors' confirmed plan does not provide the amount which the unsecured creditors would have received if the debtors' estate were liquidated under Chapter 7 with the original petition date as a focal point, the modification is not confirmed.

A separate journal entry has previously been entered with the foregoing.