PER CURIAM.
 

 John and Viola Tedford (appellees) filed a petition pursuant to 11 U.S.C. §§ 1301-1330, together with a proposed plan, on May 14, 1980. The United States Bankruptcy Court for the Western District of Arkansas, later confirmed the plan. In the confirmed plan, appellees proposed to pay appellant an amount not less than what it would receive under a “straight liquidation” proceeding under Chapter 7 of the Bankruptcy Code.
 

 At the time appellees’ plan was confirmed, they had elected to utilize the federal exemptions available to them pursuant to 11 U.S.C. § 522(d). Appellees filed a third modification of their Chapter 13 plan on June 17, 1981. On that same date, an Arkansas statute prohibiting Arkansas residents from using the federal exemptions
 
 *393
 
 took effect. Ark.Stat.Ann. § 36-210 (1981).
 

 Appellants objected to appellees’ third modification plan because appellees continued to use the federal exemptions. The bankruptcy judge overruled appellant’s objection. Appellant appealed to the district court on June 23, 1981. The district court affirmed the bankruptcy court decision on May 6, 1982.
 

 The district court reviewed the following issues: 1) whether the date of the third modification of the plan, June 17, 1981, is the “effective date of the plan” under 11 U.S.C. § 1325(a)(4); 2) whether appellant would receive a greater payment on its claim if the debtor were to file a proceeding under Chapter 7 of the Bankruptcy Code.
 

 The court found that a debtor may exempt any property that is exempt under federal, state or local law on the date of filing of the petition. 11 U.S.C. § 522(b). The petition commences the case. 11 U.S.C. § 101(31). The fact that a modification was filed at a later date does not change the effective date of the plan for the purpose of electing exemptions.
 

 This is explained in a recent decision of the United States Bankruptcy Court for the District of Nebraska:
 

 The .debtors point to 11 U.S.C. § 1325(a)(4) which provides that the court shall confirm a plan if:
 

 * * * the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title
 
 on such
 
 date;
 

 The issue before [the court] is to which date the statutory language “on such date” refers. The debtors argue that the statutory language refers to “the effective date of the plan” and that, as a result, the date of their proposed modification, which would take effect today rather than at some earlier point in time, is to be the measure for the amount to be paid to unsecured creditors.
 

 It is difficult to read the statutory language as referring to other than “the effective date of the plan.” * * *
 

 Historically, the date of the filing on the petition in bankruptcy has been the cleavage date in defining rights of the debtor and his creditors. Trustee’s avoiding powers generally arise on that date and the debtor’s rights in exempt property also are defined on that date.. * * * Nothing in the legislative history suggests that this historical concept is expressly modified by the use of the statutory language now under consideration.
 

 In re Statmore,
 
 22 B.R. 37 at 38 (Bkrtcy.D.Neb.1982).
 

 Appellant’s claim that it would receive a greater payment under Chapter 7 is based on the erroneous assumption that the effective date of the plan is the date of the last modification.
 

 We have carefully studied the record, including the district court’s opinion and the appellant’s brief. (Appellees did not file a brief in this appeal.) We find no merit to appellant’s arguments, and accordingly affirm pursuant to Rule 14 of the Rules of this court on the basis of Judge Waters’ opinion.
 
 Hollytex v. Tedford,
 
 24 B.R. 197 (Bkrtcy.W.D.Ark.1982).