## In re SANDRA COTTON, INC.

### No. CIV–87–1151E.
### Bankruptcy No. 84–12210C.

United States District Court,
W.D. New York.

Aug. 15, 1988.

Jack Liffiton, Buffalo, N.Y., pro se.

## MEMORANDUM and ORDER

ELFVIN, Senior District Judge.

This is an appeal from an Order of United States Bankruptcy Judge John W. Creahan, entered in the bankruptcy proceeding of Sandra Cotton, Inc. (Bk. No. 84–12210C), wherein Judge Creahan denied a motion to recuse himself. This appeal was dismissed by Order of the Court, entered September 10, 1987 and amended October 6, 1987, because of the appellant's failure to file a transcript as required under Rule 806 of the Rules of Practice and Procedure in Bankruptcy Court, prior to August 1, 1983, and as required under Rule 8006 of the Rules of Bankruptcy Procedure, effective after July 31, 1983. Jack D. Liffiton acting on behalf of Sandra Cotton, Inc., as it appears, or on behalf of himself as an equity shareholder, as he now claims,[1] seeks to have this dismissal Order vacated, claiming that the dismissal of an appeal for insufficiency of the record should generally not be ordered unless the omission arose from negligence or indifference of the appellant. It is his contention that the failure to file the transcript is not his or Sandra Cotton, Inc.'s fault but the fault of Robert Strell, the Trustee in Bankruptcy of Sandra Cotton, Inc., who after numerous requests by Liffiton refuses to pay for the transcript.

Rule 8006 of the Rules of Bankruptcy Procedure provides in pertinent part:

"If the record [on appeal] designated by any party includes a transcript of any proceeding or a part thereof, he shall immediately after filing the designation deliver to the reporter and file with the clerk of the bankruptcy court a written request for the transcript and make satisfactory arrangement for payment of its cost."

The transcript was not and has not been filed either by Liffiton or by the debtor corporation. It was Liffiton who filed the appeal and, even if he was allowed to represent himself as a shareholder, it was and is his responsibility to have the transcript filed. There is no indication that he has taken any steps towards the ordering and filing of the transcript and this Court is not going to order the Trustee to pay for such, especially as this appeal and others filed by Liffiton do not appear to be in the debtor corporation's best interests. Liffiton and/or Sandra Cotton, Inc. has failed to comply with the rules governing appeals of bankruptcy orders and, therefore, there is no reason for this Court to vacate its dismissal Order.

Accordingly, it is hereby ORDERED that Liffiton's motion to vacate the September 10, 1987 Order of this Court is denied.

---

1. Liffiton has previously been denied the right to represent Sandra Cotton, Inc. because he is not an attorney licensed to practice law in New York. *Jack D. Liffiton, Shareholder Sandra Cotton Inc. v. Robert Strell, Trustee, et al.,* CIV–86–566E (dated March 28, 1987) [available on WESTLAW, 1987 WL 8815]. He now claims that he is appearing on behalf of himself as a shareholder of Sandra Cotton, Inc., pursuant to 11 U.S.C. § 1109(b), which provides a broad and absolute right to an equity security holder to intervene in any issue arising under Chapter 11. *See Matter of Marin Motor Oil, Inc.,* 689 F.2d 445 (3rd Cir.1982), *cert. denied,* 459 U.S. 1206, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983). Liffiton has not persuaded this Court that he is seeking to intervene *per se* in this appeal. He appears only to be again attempting to represent Sandra Cotton, Inc., something which he can not do. Furthermore, there is even some question whether Liffiton is a shareholder of Sandra Cotton, Inc. Jack L. Getman, Esq., the attorney for the Trustee, avers in opposition to Liffiton's motion that the original petition filed in Bankruptcy Court lists Kathleen Liffiton as the only shareholder of Sandra Cotton, Inc. Jack L. Getman Affidavit, dated November 19, 1987, ¶ 4.