In re J.D. PERDUE, Jr., Clara Jane Perdue, Debtors.

In re KENTUCKY FARMS, INC., Debtor.

Bankruptcy Nos. 1–87–00278, 1–87–00179.

United States Bankruptcy Court, W.D. Kentucky.

Nov. 9, 1988.

Deitz, Fridy & Freeburger, Sebree, Ky., for debtors.

John W. Ames, Louisville, Ky., Trustee.

Joseph J. Golden, Louisville, Ky., Asst. Trustee.

## MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

At issue in both of these cases is whether the liquidation test required under 11 U.S.C. § 1225(a)(4) should be applied as of the date of the bankruptcy filing or the date of confirmation of the plan.

In the first case, the debtors, J.D. Perdue, Jr. and Clara Jane Perdue filed their Chapter 12 petition on April 21, 1987. Nearly 15 months after the filing, the debtors' case came on for a confirmation hearing at which time the debtors tendered a check to the Trustee in the amount of $38,317.00, representing the remaining balance of their proposed first annual payment under the Plan. Federal Land Bank of Louisville ("Land Bank") objected to the Plan on the basis that after including the $38,317.00 in the liquidation test, the Plan failed to meet the requirements of § 1225(a)(4). Upon the debtors' objection to inclusion of that amount in the liquidation test, the Court ordered the parties to brief the issue.

In the second case, the debtor, Kentucky Farms, Inc., filed its Chapter 12 petition on March 19, 1987. Since the bankruptcy filing, the debtor entered into a Conservation Reserve Program which resulted in a net payment of approximately $38,000.00. Additionally, the debtor acquired other unencumbered assets subsequent to the bankruptcy filing, such as proceeds from the 1987 crop and unencumbered grain. At the confirmation hearing on August 18, 1988, Land Bank urged the Court to apply the liquidation test as of the date of confirmation. In doing so, all post-petition unencumbered assets would necessarily be included in the liquidation test analysis in order to determine whether the requirements of § 1225(a)(4) have been met. Since both cases involve the narrow issue of when to apply the liquidation test, they were consolidated for a decision of that issue.

The starting point for interpreting § 1225(a)(4) is the language of the statute itself and absent an ambiguity or clearly expressed legislative intent to the contrary, that language is conclusive. *In re Helm,* 48 B.R. 227 (Bankr., W.D.Ky.1985); *In re Perry,* 48 B.R. 591 (Bankr., Tenn. 1985). Further, in construing a statute, words of common usage must be given their clear meaning and not strained to achieve unintended results. *In re Morris,* 49 B.R. 123 (Bankr., W.D.Ky.1985). 11 U.S.C. § 1225(a)(4) clearly states, in part, as follows:

"Value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that will be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date."

While the Code fails to define the words "effective date of the plan", this Court is confident from the plain language of the Code that such words can logically refer only to the date of confirmation and not the date of the filing of the bankruptcy petition. It is also clear in the Court's view that the words "on such date" at the end of 11 U.S.C. § 1225(a)(4) relate back to the "effective date of the plan." Even the court in *In re Statmore* 22 B.R. 37, 38 (Bkrtcy., D.Neb.1982) (which applied the liquidation test as of the date of the filing) admits that in referring to the words "on such date", "it is difficult to read the statutory language as referring to other than 'the effective date of the plan'".

Since very little case law has developed concerning § 1225(a)(4), we look to the interpretation given to § 1325(a)(4) for guidance on interpreting § 1225(a)(4). Colliers' clearly expresses its opinion on this matter

in § 1325.05(2)(a) (15th Ed.) which states as follows:

"The date of the valuation of the property to be distributed under the plan, as well as the date as of which the conceptualized Chapter 7 liquidation is to have taken place, are one and the same; both relate to the effective date of the plan. Usually, the effective date of the plan is the time when the order of confirmation becomes final, though the plan may prescribe a later effective date. Of course, the effective date of the plan cannot be antecedent to the confirmation hearing at which the issues raised by § 1325(a)(4) are to be heard by the Court."

Further, in *Matter of Milleson,* 83 B.R. 696 (Bankr., D.Neb.1988), the Court looked to § 1227 for assistance in defining the words "effective date". That section states that the "effect" of confirmation of a Chapter 12 plan is to bind various parties. The Court concluded that the terms "effective date" as used in § 1225 must mean the date on which the Chapter 12 Plan becomes binding on the debtors and other parties in interest under § 1227, that date being the date on which the confirmation order is entered. While we realize that the *Milleson* Court was defining the words "effective date" as used in § 1225(a)(5)(B)(ii), we see no reason why that same definition should not apply in defining "effective date" under § 1225(a)(4).

The debtors urged the Court to apply the liquidation test as of the date of the bankruptcy filing, citing the case of *In re Nielsen,* 86 B.R. 177 (Bankr.E.D.Mo.1988). In the *Nielsen* case, the Court held that the language of "on such date" of § 1225(a)(4) means the date the petition was filed. The *Nielsen* Court relied on *In re Statmore,* supra, which found that if the estate of the debtor were liquidated under Chapter 7 on the effective date of the plan, the creditors' rights would refer back to the petition date. Following that line of reasoning, the Court found that the liquidation test should be applied as of the date of the bankruptcy filing.

We interpret § 1225(a)(4) differently from the courts in *Nielsen* and *Statmore.* We read that section to mean that unsecured creditors shall not receive less under a Chapter 12 plan than they would receive if the debtor's estate were liquidated on the effective date of the plan. In a Chapter 12 case, the debtor's estate includes not only property that was on hand at the time of the filing, but, also, property acquired after the commencement of the case but before the case is closed, dismissed or converted. 11 U.S.C. § 1207. Section 1225(a)(4) requires us to conduct a hypothetical liquidation on the date of confirmation and all of the debtor's property including post-petition property must be included in the liquidation analysis.

Finally, the debtors have expressed to the Court various policy reasons why the Court should apply the liquidation test as of the date of filing. While we do not wish to minimize the importance of these equitable considerations, we feel that the clear, plain language of § 1225(a)(4) requires us to conclude that the liquidation test should be applied as of the date of confirmation.

For the reasons stated, we find that neither of the Chapter 12 Plans can be confirmed until such time as the Plans pass the liquidation test under § 1225(a)(4).

This memorandum opinion constitutes findings of fact and conclusions of law in accordance with Fed.R.Bankr.Pro. 7052.