**William Roger GRIBBONS, et al., Appellants,**

v.

**FEDERAL LAND BANK OF LOUISVILLE, et al., Appellees.**

**Civ. A. No. C 89-0229-L(A).**

United States District Court, W.D. Kentucky, at Louisville.

Sept. 25, 1989.

Theodore H. Lavit, Lebanon, Ky., Merritt S. Deitz, Jr., Deitz, Fridy and Freeburger, Sebree, Ky., for appellants.

Lisa Koch Bryant, Thomas W. Volk, Louisville, Ky., for Fed. Land Bank.

Joseph H. Mattingly III, Lebanon, Ky., for Farmers Nat. Bank.

E. Gregory Goatley, Springfield, Ky., for Peoples Bank.

MEMORANDUM OPINION

ALLEN, Senior District Judge.

This case presents the appeal of debtors William and Loreda Gribbons ("the Gribbons") from the decision of the United States Bankruptcy Court refusing to confirm their plan and dismissing their Chapter 12 petition. The matter is now before

the Court on motion of appellee creditors ("the Banks") to dismiss the appeal, on the Gribbons' motion for oral argument, and on the briefs of the parties on the merits of the appeal.

On February 16, 1989, the Gribbons filed Notice of Appeal from the February 7 Bankruptcy Court order. On February 28, the Gribbons filed their designation of record, stating their intent to pursue two specific issues on appeal. The Banks seeks dismissal of this appeal on grounds that the Gribbons have failed to brief the two cited issues, and that the Gribbons have attempted instead to brief two issues that were not properly preserved for review.

It is clear that the substance of this appeal concerns the proper time for applying the "liquidation test" that appears at 11 U.S.C. Sec. 1225(a)(4) as a prerequisite to confirmation of a Chapter 12 plan:

[T]he value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date[.].

The two issues stated in the February 28 declaration were as follows:

1. Whether the failure of the bankruptcy judge, under 11 U.S.C. Section 1224, to conduct a hearing within 45 days after the filing of the plan was error and prejudicial to debtors;

2. Whether the liquidation test of 11 U.S.C. Section 1225(a)(4) was erroneously construed by the bankruptcy judge as having to be met on the date of the confirmation hearing, rather [than] on the date of submission or filing of the plan as amended.

As to the first issue, we note that the record reflects no insistence on a prompt confirmation hearing, and no argument to the Bankruptcy Court that there was legal error in the failure to conduct a hearing within 45 days after the filing of the plan (or within 135 days after the filing of the petition). The record does reflect five continuances of the hearing, one due to court conflicts, one on the Banks' motion, and three on the Gribbons' motion. Such circumstances are not supportive of any contention that there was legal error in the timing of the confirmation hearing *per se.*

With this conclusion, the Gribbons appear to have no direct dispute. They contend, however, that while they do not seek recognition of an absolute obligation to hold a hearing within 45 days after the filing of the amended plan, they are entitled to have the liquidation test applied as of the date the confirmation hearing *should* have been held.

As to the second issue, the record reflects an attempt by the Gribbons to apply the liquidation test as of the date of filing the amended plan; that attempt was rejected by the Bankruptcy Court. The record does *not,* however, reflect any contention by the Gribbons that the liquidation test should be applied as of the date of the filing of the Chapter 12 petition, which is the argument presented to this Court.

These circumstances make determination of the motion to dismiss a close question. We are of the opinion, however, that the motion should be overruled insofar as it seeks dismissal solely on the lack of complete consonance between the stated issues and those actually briefed. With respect to the second issue quoted above, it does not appear that the Banks would suffer any prejudice as a result of consideration of the appeal as presented. Furthermore, it is quite clear from the transcript of the confirmation hearing that the Bankruptcy Court was committed to applying the liquidation test as of the date of the confirmation hearing, and the essence of the arguments presented on this appeal is whether that decision was legally in error.

After examining the arguments of the parties and the relevant authorities, we are of the opinion that oral argument would not be of significance assistance to our determination of this appeal. The motion for oral argument will be overruled.

The Gribbons urge this Court to adopt the reasoning of *In re Nielsen,* 86 B.R. 177 (Bkrtcy.E.D.Mo.1988), which ruled that the

liquidation test should be applied as of the date of the petition. The Banks argue that the appropriate date of application of the test is the date on which the plan could be put into action, a date that could not precede the confirmation hearing. *In re Perdue*, 95 B.R. 475 (Bkrtcy.W.D.Ky.1988).

In the case of *In re Musil*, 99 B.R. 448 (Bkrtcy.D.Kan.1988), the court examined this question, and pointed out that the *Nielsen* court's conclusion was based on a misreading of Eighth Circuit authority. See also, *Matter of Bluridg Farms, Inc.*, 93 B.R. 648 (Bkrtcy.S.D.Iowa 1988). The *Musil* court also observes that interpreting "effective date of the plan" as the date of the petition would create disharmony within Secs. 1129, 1225 and 1325, and with other sections of the Code.

In the case of *In re Milleson*, 83 B.R. 696 (Bkrtcy.D.Neb.1988), the court held that "effective date" could not occur earlier than the entry of the confirmation order, since the plan cannot be effective until it is approved. The court reasoned that while "effective date" is not defined in Section 1225, Section 1227 provides that the "effect" of confirmation is to bind the various parties.

The Gribbons' argument is based in part on their contention that Chapter 12 should be interpreted differently from Chapters 11 and 13 because of the unique nature of farming income. In *United States v. Arnold*, 878 F.2d 925, 927 (6th Cir.1989), however, the court held that identical provisions appearing in Chapters 12 and 13 should be similarly construed. It may be observed that a provision identical to that appearing in Sec. 1225(a)(4) appears in Section 1325. If a distinction is to be made between the nature of the relief available to the family farmer and that available to the wage-earner, it must be made by Congress, and it must appear in the statutory language.

One distinction that does appear between the statutory language of Chapter 12 and that of Chapter 13 is the directive that family farm petitions be handled in a very expedited manner. 11 U.S.C. Sec. 1224 requires that a plan be filed within 90 days of the filing of the petition, and that the confirmation hearing be concluded within 45 days thereafter. This provision serves as the basis of the Gribbons' contention that the latest date on which the liquidation test could properly be applied is 135 days following the filing of the petition.

In the circumstances of this case, however, this issue has not been preserved for appellate review. The Gribbons filed a proposed plan on January 12, 1988, within the statutory ninety day period. A pre-confirmation hearing was promptly scheduled, but was twice continued at the Gribbons' request. When the hearing was finally held on April 13, the Court ordered a modified plan and set a May 16 confirmation hearing. That hearing was continued three times, once on the court's own motion, once on the Banks' request, and once on the Gribbons' request. The confirmation hearing was held on September 6, 1988, at which time the court allowed the Gribbons to file a modified plan. The confirmation hearing was finally held on January 31, 1989. There is no suggestion whatsoever that the Gribbons sought an early hearing date, that they ever intimated that they could be prejudiced in any fashion by failure to hold an early hearing, or hinted that the liquidation analysis should have anything to do with the statutory hearing schedule. The Gribbons have clearly waived any argument to this effect.

An order affirming the judgment of the United States Bankruptcy Court has this day entered.

### ORDER OF AFFIRMANCE

This matter having come before the Court on appeal from the United States Bankruptcy Court, and the Court having entered its memorandum opinion and being advised,

IT IS ORDERED that the motion of appellees to dismiss the appeal is overruled.

IT IS FURTHER ORDERED that the motion of the appellants for oral argument is overruled.

IT IS FURTHER ORDERED that the judgment of the United States Bankruptcy Court is affirmed.

This is a final and appealable order and there is no good cause for delay.