**In re Glen HOPWOOD and Margaret Hopwood, Debtors.**

**FIRST NATIONAL BANK OF MALDEN, MISSOURI, Appellant,**

v.

**Glen HOPWOOD and Margaret Hopwood, Appellees.**

**No. S 89–0036–C.**

United States District Court, E.D. Missouri, Southeastern Division.

Feb. 15, 1991.

John T. Welch, Wilhoit, Edmundson, Terando & Welch, Poplar Bluff, Mo., for appellant.

Elizabeth A. Blaich, Summers, Cope & Walsh, Poplar Bluff, Mo., for appellees.

## MEMORANDUM

LIMBAUGH, District Judge.

This cause is before the Court on an appeal from the United States Bankruptcy Court for the Eastern District of Missouri ("bankruptcy court").

The debtors, Glen and Margaret Hopwood, filed a petition for relief under Chapter 12 of Title 11, United States Code. At the time of the filing, debtors were the owners of a 354 acre farm in Stoddard County, Missouri and the operators of 442 acres in Stoddard County, Missouri. On July 18, 1988 the bankruptcy court entered an order confirming the debtors' third amended plan of reorganization. On July 22, 1988 appellant filed a motion to amend and supplement findings of fact and conclusions of law concerning the third amended plan of reorganization. On November 9, 1988 the bankruptcy court entered an order granting in part and denying in part appellants' motion to amend. On November 21, 1988 appellant filed a notice of appeal of these two orders. This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a).

### Standard of Review

On an appeal, the United States District Court may affirm, modify, or reverse a judgment, order, or decree of a bankruptcy court, or remand to the bankruptcy court with instructions for further proceedings. The bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. *In re Van Horne*, 823 F.2d 1285, 1287 (8th Cir.1987). Conclusions of law, however, are subject to *de novo* review. *In re Martin*, 761 F.2d 472 (8th Cir.1985). A finding of fact is clearly erroneous if, after a review of the record, the Court is left with the firm and definite conviction that error has been committed. *In re Burkhart*, 84 B.R. 658, 660 (Bankr. 9th Cir.1988). The appellant has the burden of showing that the bankruptcy court's findings of fact are clearly erroneous. *Id.*

Appellant has set forth four issues on appeal.

### Issue I

Appellant asserts that two of the bankruptcy court's findings of fact are clearly erroneous.

#### A. *Valuation of the Farm*

Appellant asserts that the bankruptcy court erred in its valuation of the 354 acre farm. After a lengthy hearing in which testimony was presented by the debtor and a series of appraisers and prospective purchasers, the bankruptcy court valued the farm at $372,750.00. Appellant asserts that the actual value of the farm is substantially greater. Although appellant summarized the qualifications and valuations of those who testified, appellant failed to file a transcript of the hearing. The transcript must be filed if it is designated as part of the record. *In re Sandra Cotton, Inc.*, 89 B.R. 324, 325 (W.D.N.Y. 1988). Nearly two years have passed since the notice of appeal was filed and appellant has not supplemented the record with the transcript of the confirmation hearing. Without the transcript, the record does not contain the documentation necessary for the Court to have a complete understanding of the evidence relied upon by the bankruptcy court in making its decision. *In re Anderson*, 69 B.R. 105, 109 (Bankr. 9th Cir.1986).

The Court has reviewed the summaries of the evidence presented by the parties. Appraisers and prospective purchasers testified that the farm had a value of $407,100.00 (Bill Dockins), $442,500.00 (Mike Winchester), $433,650.00 (Dub Crutcher), $454,890.00 (Kenneth Minton), $460,200.00 (Glenn Harrison) and $297,500.00 (John Armour). The bankruptcy court relied heavily on the testimony of John Armour in its determination of the farm's value. Appellees informed the Court that Mr. Armour is a professional fee appraiser who was appointed by the bankruptcy court as an independent appraiser. Mr. Armour was selected by the bankruptcy court after appellant and debtors submitted his name. Based on the limited record before the

Court, the Court concludes that the bankruptcy court was justified in weighing more heavily the valuation of the independent appraiser, and the valuation of the bankruptcy court was not clearly erroneous.

### B. *Compliance with 11 U.S.C.*
### *§ 1225(a)(4)*

Appellant asserts that the bankruptcy court erred when it "disregarded as a necessary finding of fact" appellee's compliance with 11 U.S.C. § 1225(a)(4). Title 11 U.S.C. § 1225(a)(4) provides, in relevant part:

> [E]xcept as provided in subsection (b), the court shall confirm a plan if—
>
> > the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date.

In ¶ 3 of the bankruptcy court's order confirming the debtors' third amended plan of reorganization, the bankruptcy court stated:

> The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this Title on such date....

Although the Court cannot determine whether the requirements of 11 U.S.C. § 1225(a)(4) were satisfied without the transcript or some other reliable presentation of the relevant facts, appellant's claim that the bankruptcy court "disregarded" § 1225(a)(4) is clearly without merit.

### *Issue II*

■ Appellant asserts that the bankruptcy court did not comply with 11 U.S.C.

§ 1225(a)(4) because the bankruptcy court failed to value the farm as of the date the bankruptcy petition was filed. In *In re Nielsen*, 86 B.R. 177 (E.D.Mo.1988), the court held that the term "on such date" in § 1225(a)(4) refers to the date on which the bankruptcy petition was filed, not the effective date of the plan.[1] The Court, however, declines to follow *Nielsen*. Instead the Court will follow that authority which holds that the *Nielsen* interpretation of § 1225(a)(4) contravenes the clear language of the statute and was wrongly decided based on a misreading of *Hollytex Carpet Mills v. Tedford*, 691 F.2d 392 (8th Cir. 1982).[2] The date as of which the comparison is made should be the effective date of the plan rather than the date that the case was commenced. 5 Collier on Bankruptcy ¶ 1125.02, at 1225–11 (1990); *In re Musil*, 99 B.R. 448 (D.Kan.1988); *In re Perdue*, 95 B.R. 475 (W.D.Ky.1988); *In the Matter of Bluridg Farms, Inc.*, 93 B.R. 648 (S.D. Iowa 1988).

### *Issue III*

■ Appellant asserts that the bankruptcy court erred in its determination that the third amended plan of reorganization submitted by debtors was feasible. First, appellant asserts that the estimated rice yields of 120 bushels/acre were unrealistic because rice yields on the same farm for the years 1981–1987 were significantly lower. Second, estimated annual revenues for the farm of $122,150.00 were unrealistic because the tax returns for the years 1984–1987 reveal revenues of approximately half that sum. Third, the bankruptcy court failed to take into account contingencies or replacement of farm equipment though a finding of feasibility requires some cushion for unexpected expenses.

■ For a chapter 12 plan to be confirmed, the debtor must establish that he will be "able to make all payments under the plan and to comply with the plan." 11

---

1. The Court set forth the relevant portion of § 1225(a)(4) *supra.*

2. Although the *Hollytex* Court interpreted 11 U.S.C. § 1325(a)(4), the language of § 1225(a)(4) and § 1325(a)(4) is identical and judicial interpretations of § 1325 are considered good precedent when confronting issues that arise under § 1225. *In re Luchenbill*, 112 B.R. 204, 208 (E.D.Mich.1990).

U.S.C. § 1225(a)(6). To determine the feasibility of a plan, the court must ascertain the "probability of actual performance of the provisions of the plan." *In re Clarkson*, 767 F.2d 417, 420 (8th Cir.1985). The purpose of chapter 12 is to promote the reorganization of family farmers, and the Court should give the debtor the benefit of the doubt on the issue of feasibility. *In re Butler*, 101 B.R. 566, 567 (E.D.Ark.1989) (*citing In re Snider Farms, Inc.*, 83 Bankr. 1003, 1013 (N.D.Ind.1988). The debtor is not required to guarantee the ultimate success of his plan, but only to provide a reasonable assurance that the plan can be effectuated. *Id.*

Although appellant characterizes the bankruptcy court's determination of production capability and annual yield as errors of law, the bankruptcy court's estimates of production capability and annual revenue are findings of fact which are reviewed by this Court under the clearly erroneous standard. The debtor testified in a lengthy hearing about production capabilities and revenues. As was stated *supra,* because appellant failed to file a transcript of the confirmation hearing, the record does not contain the documentation necessary for the Court to have a complete understanding of the evidence relied upon by the bankruptcy court in making its decision.

Based on the limited documentation in the record, the Court concludes that the figures for production yield and revenues are certainly optimistic but not so unrealistic to be clearly erroneous. In the past few years the debtors suffered from a lack of financing which delayed planting and restrained them from properly watering and fertilizing the crop. The optimistic figure for production capabilities reflects a prediction of adequate financing, sufficient rainfall, and use of a new strain of rice with a higher yield. Also, the debtors' annual revenues have equaled or exceeded $120,-000.00 several times since 1981.

Appellant incorrectly asserts that the bankruptcy court failed to provide for a cushion. The third amended plan of reorganization provides for a cushion of $6,900.00 for repairs and $8,000.00 for capital/emergency reserves. Therefore, appellant's claim that the bankruptcy court disregarded the requirement of a cushion for unexpected expenses is without merit.

## Issue IV
### A. *Hold or Setoff*

■ Appellant asserts that the bankruptcy court erred in determining that appellant's restriction on debtor Glen Hopwood's checking account was a hold rather that a setoff. At the time the Chapter 12 petition was filed the debtor had a checking account with appellant with a balance of approximately $6,900.00. On March 12, 1988 the bankruptcy court held a hearing to determine whether a restriction placed on the checking account by appellant was a "hold" or a "setoff". At the close of the hearing the bankruptcy court ruled that the restriction was a "hold" rather than a "setoff", and released the funds to the debtors. Appellant filed a motion for reconsideration. On March 30, 1988 the bankruptcy court issued an order which summarized the evidence, discussed the relevant law, and denied appellant's motion for reconsideration. On May 5, 1988 appellant filed a notice of appeal of the bankruptcy court's March 30, 1988 order. *See In re Glen Hopwood and Margaret Hopwood*, S 88–100–C (E.D.Mo.1988.) On August 12, 1988 the Court granted appellant's motion to dismiss the appeal.

Bankruptcy Rule 8002(a) requires that a "notice of appeal be filed with the clerk within 10 days of the date of the entry of judgment, order, or decree appealed from." Appellant seeks to appeal the order of the bankruptcy court dated March 30, 1988. Appellant, however, filed the notice of appeal in the instant matter on November 21, 1988. Therefore, appellant's appeal of the bankruptcy court's March 30, 1988 order is untimely, and the Court will not address the merits of this issue.

### B. *Secured Claim*

■ Appellant asserts that the bankruptcy court erred in determining that appellant did not hold a secured claim in debtor Glen Hopwood's checking account funds.

Appellant's appeal of this issue is also untimely. In March, 1988 the bankruptcy court ordered the funds in the debtor's checking account released to the debtor. Therefore, this issue relates to the bankruptcy court's March 30, 1988 order concerning the setoff of the checking account funds. The Court's orders dated July 18, 1988 and November 9, 1988, which are properly the subject of this appeal, did not discuss the checking account funds which had previously been released by the bankruptcy court.

For the foregoing reasons, the Court affirms the order of the bankruptcy court dated July 18, 1988 confirming the debtors' third amended plan of reorganization and the order dated November 9, 1988 granting in part and denying in part appellants' motion to amend.