**In re Diane E. GREEN, Debtor.**

**Bankruptcy No. 89–41606.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

June 30, 1994.

Bonzo C. Reddick, Savannah, GA, for debtor.

Karrollanne Cayce, Chapter 13 Trustee's Office, Savannah, GA, for trustee.

## MEMORANDUM OPINION

JAMES D. WALKER, JR., Bankruptcy Judge.

This matter concerns the Chapter 13 Trustee's objection to confirmation of a debtor's Chapter 13 plan after conversion from Chapter 13 to Chapter 7 and reconversion to Chapter 13. The Court considers whether to reinstate the original plan or require confirmation of a new plan. In the latter event, the Court must consider the length of time available for the debtor to complete payments under the new plan. The Court concludes that it can only consider a new Chapter 13 plan which requires payments to be completed within the time remaining at the time of conversion to Chapter 7. This is a core matter pursuant to 28 U.S.C.S. § 157(b)(2)(L). After considering the evidence the Court publishes these Findings of Fact and Conclusions of Law. Fed. R.Bankr.P. 7052 (Law.Co-op.1994).

## FINDINGS OF FACT

On October 24, 1989, Diane Green ("Debtor") filed a voluntary petition for relief in this case under Chapter 13. On October 30, 1989, Debtor filed a proposed plan with a stated duration of sixty (60) months. The Court entered an order to commence payments, in the form of an Order Upon Employer Directing Deductions From Pay, on November 8, 1989. On March 30, 1990, the Court confirmed the plan.

On August 9, 1993, Debtor filed a petition to convert the case to Chapter 7 due to her decrease in salary and inability to continue making payments to the Trustee. The Court granted the motion for conversion to Chapter 7 on August 16, 1993 and vacated the order requiring Debtor's employer to pay Debtor's earnings to the Chapter 13 trustee. The order was entered forty-five (45) months after the commencement of payments.

In the interim, a mistake in the mortgage figures for Debtor's home was discovered. The first mortgage, not in dispute, was Eleven Thousand Six Hundred Thirty-one Dollars and Nine Cents ($11,631.09). The second mortgage was listed in the Debtor's original petition as Twenty One Thousand Three Hundred Sixty Two Dollars ($21,362.00). However, the creditor filed a proof of claim stating the mortgage as Thirty Six Thousand One Hundred Forty Two Dollars and Fourteen Cents ($36,142.14). It appears that the creditor erroneously included unearned interest in addition to the principal in the proof of claim.

Both parties are in agreement that a mistake was made in the statement of the mortgage amount, and the creditor has since filed an amended proof of claim for Fifteen Thousand Four Hundred Forty Nine Dollars and Ten Cents ($15,449.10) reflecting the true net balance of the account. The Chapter 7 trustee apparently recognized the equity and planned to sell the house.

These facts may have provided the impetus for Debtor's petition to reconvert to Chapter 13 on December 3, 1993. The Court entered an order dated December 10, 1993, reconverting the case to Chapter 13 and requiring Debtor to begin making payments to the Chapter 13 trustee in accordance with the original plan. Debtor seeks to reconfirm the original Chapter 13 plan.

## CONCLUSIONS OF LAW

■ As a result of Debtor's conversion from Chapter 13 to Chapter 7, the Court nullified the order confirming the original

plan. *In re Doyle,* 11 B.R. 110, 111 (Bankr. E.D.Pa.1981); 5 L. King, Collier on Bankruptcy, ¶ 1307.01 at 1307–21 (15th Ed.1993). Consequently, Debtor may not simply pick up where she left off under the original plan. Presentation of a new plan is required. The new plan must meet all requirements for confirmation under 11 U.S.C.S. § 1325 (Law. Co-op.1994).[1]

In considering confirmation of a Chapter 13 plan, the Court must first apply the so called "liquidation analysis" test. The Bankruptcy Code requires that the value of the property be determined at the time the petition is filed as follows:

> [T]he value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7.

11 U.S.C.S. § 1325(a)(4) (Law Co-op.1994).

■ The Court interprets the "effective date of the plan" as the date the petition was filed. *Hollytex Carpet Mills v. Tedford,* 691 F.2d 392, 393 (8th Cir.1982). Therefore, the date the petition was filed is the point in time at which to measure the amount which would have been paid to unsecured creditors from a hypothetical liquidation of the Debtor's property.

■ The dates relevant to the Court's analysis under section 1325(a)(4) do not change because of the conversion of this case. Conversion does not change the filing date of the petition, the commencement of the case, or the order for relief. 11 U.S.C.S. § 348(a) (Law Co-op.1994). The date of the original petition, and not the date of the conversion, is used to determine which assets are part of the estate for purposes of distribution to the unsecured creditors. *In the Matter of Gorski,* 85 B.R. 155, 156 (Bankr.M.D.Fla.1988); 2 L. King, Collier on Bankruptcy, ¶ 348.02 at 348–5. Therefore, assets acquired postpetition will not be used to determine the hypothetical dividend to creditors under section 1325(a)(4).

■ In this case, the hypothetical dividend in the original plan was determined based on a misstatement of the Debtor's second mortgage. Apparently, the creditor included unearned interest as well as principal in the proof of claim. The second mortgage was listed in Debtor's original petition as Twenty-one Thousand Three Hundred Sixty-two Dollars ($21,362.00), but the creditor's proof of claim stated the same mortgage as Thirty-six Thousand One Hundred Forty-two Dollars and Fourteen Cents ($36,142.14). The creditor has since filed an amended proof of claim reflecting the current net balance of the account as Fifteen Thousand Four Hundred Forty-nine Dollars and Ten Cents ($15,449.10).

The appearance of increased equity due to the lower mortgage is the result of this error discovered postpetition. This newly discovered value is not a postpetition asset. Therefore, since the equity is actually higher than originally estimated, because of the error, a

---

1. Section 1325(a) provides:
  (a) Except as provided in subsection (b), the court shall confirm a plan if—
    (1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;
    (2) any fee, charge, or amount required under chapter 123 of title 28 [28 USCS §§ 1911 et seq.], or by the plan, to be paid before confirmation, has been paid;
    (3) the plan has been proposed in good faith and not by any means forbidden by law;
    (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

  (5) with respect to each allowed secured claim provided for by the plan—
    (A) the holder of such claim has accepted the plan;
    (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
      (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
    (C) the debtor surrenders the property securing such claim to such holder; and
  (6) the debtor will be able to make all payments under the plan and to comply with the plan.

higher dividend to unsecured creditors is required in order to comply with confirmation requirements of the Bankruptcy Code.[2]

[redacted] The Court must also consider the Debtor's good faith in proposing a new plan,[3] and in particular, the duration of payments. The statutorily proscribed time limit for payments under a plan is sixty (60) months.[4] In this case, Debtor paid under the original plan for forty-five (45) months, counting from the time payments were commenced in November 1989, to the time the case was converted to Chapter 7 in August 1993.[5] A time period longer than fifteen (15) months, i.e., the time remaining under the original sixty (60) month time limit, could be considered unreasonable delay and evidence of bad faith. Unreasonable delay as grounds for dismissal [6] in tandem with the good faith requirement for confirmation [7] forbids Debtor from circumventing the rules of the Bankruptcy Code and receiving a fresh sixty (60) months each time a case is reconverted to Chapter 13, especially considering the time interval during which the case was pending in Chapter 7 status. Also, as stated in *In re Hunter,* No. 93–41649, slip op. at 9, 1994 WL 329315 (Bankr.S.D.Ga. March 31, 1994), "if a proposed plan in a series would allow a debtor to remain under the protection of chapter 13 for longer than the statutory limit for a single plan, this is *evidence* of bad faith." [8]

The Court is mindful of policy considerations which favor giving a debtor reasonable opportunity to repay debts. On the other hand, the Court is also aware of the potential for abuse and delay through multiple conversions, especially if the debtor is given sixty (60) months with each new plan. *In the Matter of Johnson,* 116 B.R. 224, 226 (Bankr.D.Idaho 1990).

In conclusion, the Court finds that the Debtor may not continue under the previously confirmed plan, requiring instead that the case be presented again for confirmation. The misstatement of the mortgage figures must be corrected in the presentation of a new plan. Finally, to prevent further delay in the payments to creditors and comply with the good faith requirements, payments should be completed within a fifteen (15) month time period from the date of confirmation of the new plan.

An order in accordance with this opinion will be entered.

[redacted]

2. 11 U.S.C.S. § 1325(a)(4) (Law.Co-op.1994).

3. 11 U.S.C.S. § 1325(a)(3) (Law.Co-op.1994).

4. 11 U.S.C.S. § 1322(c) (Law Co-op.1994). Section 1322(c) states:
(c) The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years [60 months].

5. *In re Woodall,* 81 B.R. 17, 18 (Bankr.E.D.Ark. 1987) (holding that the five year limit on the payment period for Chapter 13 cases is computed from entry of order to commence payments proposed under the plan, not from the filing of the petition or the confirmation of the plan).

6. 11 U.S.C.S. § 1307(c)(1) (Law.Co-op.1994).

7. 11 U.S.C.S. § 1325(a)(3) (Law.Co-op.1994).

8. Although *In re Hunter,* No. 93–41649 1994 WL 329315 (Bankr.S.D.Ga. March 31, 1994), is a case of serial filings, there are similarities to the case now before the Court. Just as the Bankruptcy Code does not require the cumulative time frame of multiple Chapter 13 filings to remain within 60 months, the Code does not require a new plan under reconversion to remain within the original 60 month framework. The Code only requires that "the plan" may not provide for payments over a period that is longer than 60 months. When a case is converted, a new plan must be confirmed. However, multiple conversions and requests for extensions of time beyond the limits specified in the Code may be considered as evidence of bad faith.