**In re Thomas N. GIBSON, Jr. and Margorie R. Gibson, Debtors.**

**No. 0:05–bk–01810–RJH.**

United States Bankruptcy Court, D. Arizona.

Oct. 6, 2009.

[redacted]

Michael Reddig, Esq., Reddig Law Office, for Debtors.

Scott A. Lieske, Esq., Phoenix, AZ, for Russell Brown.

## OPINION AND ORDER

RANDOLPH J. HAINES, Bankruptcy Judge.

After failing to satisfy their payment obligations of a confirmed Chapter 13 plan, Debtors now seek to modify the Plan and have their non-exempt property revalued for the purpose of satisfying § 1325(a)(4),[1] colloquially known as the "Chapter 7 reconciliation" or the "best interests test," which Code § 1329(b) requires to be satisfied by any modified plan. The Court must decide 1) whether the "effective date of the plan" as referenced in the best

---

1. Except as otherwise noted, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

interest test of § 1325(a)(4) refers to the date of petition or of confirmation, and 2) when a plan is modified under § 1329, whether there is a new "effective date of the plan," requiring new valuations under § 1325(a)(4), or whether the effective date remains that of the original plan. The Court concludes that 1) the "effective date of the plan" is not the petition date and cannot be earlier than the original confirmation date, and 2) when a plan is modified under § 1329, the "effective date of the plan" remains unchanged.

### Factual and Procedural Background

Debtors' Plan was confirmed in July, 2005. The Plan required Debtors to sell several non-exempt parcels of property and to turn over at least $60,000.00 in proceeds to the Trustee within a 24–month period between November 2005 and October 2007. If the property was not sold within those 24 months, the Debtors were to file a modified plan to provide for an alternative method of funding sufficient to pay 100% of the allowed claims which totaled approximately $168,136.00. Debtors failed to sell the property within the stated time frame and failed to timely file a modified plan. In 2009, the Debtors filed a modified plan after the Trustee filed a motion to dismiss the case for failure to comply with the terms of the confirmed plan.

Debtors' modified plan does not pay all allowed claims in full but requires the Debtors to turn over proceeds from the sale of one non-exempt property ($8,000.00), surrender another to the Trustee, and abandon a third. Debtors aver that properties not already sold no longer retain any value, so the Debtors cannot meet their obligation to remit the full $60,000.00 to the Trustee as required under the original Plan. Their contention is

that a new "best interest" test under § 1325(a)(4) must be performed to determine the value of their non-exempt property as of the new "effective date" of the modified plan. This would cause the Trustee to collect less than the $60,000.00 due under the original Plan and effectively absolve Debtors of any further payments after confirmation of the Modified Plan.

### Analysis

#### "Effective Date of Plan"

The "best interest" test of § 1325(a)(4) requires that:

> the value, as of the *effective date of the plan*, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title *on such date.* (emphasis added)

Nearly identical language is found under the "best interest" tests in Chapter 11 and Chapter 12, § 1129(a)(7)(ii) and § 1225(a)(4). And although the term "effective date of the plan" is also used in Chapter 11 and elsewhere in Chapter 13, *e.g.*, § 1129(b)(2)(A)(ii), § 1325(a)(5)(B)(ii), and § 1328(b)(2), it is not defined in the Code.

Analysis under § 1325(a)(4) requires a court to make two determinations: 1) what is the present value of the property to be distributed to unsecured creditors (the value of the stream of plan payments) as of the "effective date of the plan," and 2) what would be available to unsecured creditors if a Chapter 7 liquidation were held on the "effective date of the plan." [2] The "best interest" test has been met if the present value of the distributions to unsecured creditors as of the "effective date of the plan" is equal to or greater

---

**2.** 2 Keith M. Lundin, Chapter 13 Bankruptcy § 160.1 at 160–1 (3d ed. 2000 & Supp.2004).

than the value of a hypothetical Chapter 7 liquidation held *on such date*. The first issue is what is the date on which that hypothetical liquidation should be valued.

According to the leading treatise on Chapter 13, most reported cases have performed a hypothetical Chapter 7 liquidation as of the petition date.[3] There does not seem to be any language or structure of the Code that would equate the "effective date" with the petition date except perhaps that Rule 3015(b) requires the Chapter 13 debtor to file a plan with the petition, or shortly thereafter, and begin making payments pursuant to that plan even prior to its confirmation. Some courts that have chosen the petition date as the "effective date of the plan" have done so because exemptions are determined as of the petition date.[4] The reasoning is that because exemptions affect the "best interest" test and confirmation scheduling is unpredictable, valuations should also be determined as of the petition date.[5]

The Court concludes that a plan must be confirmed before it can have an effective date. The plan is not "effective" until it is confirmed, as § 1327 "Effect of Confirmation" clearly implies. While confirmation and the "effective date of the plan" may not always be the same date, confirmation must happen first. To choose the petition date as the "effective date" would be to give effect to the plan before it has been confirmed.[6] One logical conclusion is that the "effective date of the plan" should be as of confirmation, or some time thereafter, as explicitly stated in the plan itself.

Although not explicitly for purposes of § 1325(a)(4), the Ninth Circuit now seems to have conclusively decided that the "effective date" of any plan "is the date the plan becomes binding on the parties."[7] In *Hoopai*, the Ninth Circuit held that an oversecured creditor is entitled to interest under § 506(b) only until the "effective date of the plan," which "may be a date specifically provided for in a Chapter 13 plan, but when no such date is selected, the effective date is the date on which the plan becomes final and binding due to a court order confirming the plan."[8]

■ For the foregoing reasons, this Court concludes that "effective date of the plan," as it applies to § 1325(a)(4), means the date of the order confirming the plan unless the plan itself defines another date.

### "Effective date of the plan" when a plan is modified

■ Here, the Debtors ask the Court to assign a new "effective date" based on the date of the order approving their modified plan. Such a new effective date would mean that the Debtors' nonexempt proper-

---

3. *Id.*

4. *See Id.* at 160–2; *In re Fleishman*, 372 B.R. 64, 71 (Bankr.D.Or.2007)(acknowledging that most courts have determined for purposes of § 1325(a)(4), the petition date is the "effective date," but ultimately holding that the effective date is the confirmation date).

5. *Fleishman*, 372 B.R. at 71 (citing *Hollytex Carpet Mills v. Tedford*, 691 F.2d 392 (8th Cir.1982); *In re Green*, 169 B.R. 480, 482 (Bankr.S.D.Ga.1994); *In re Statmore*, 22 B.R. 37 (Bankr.D.Neb.1982)).

6. *See Education Assistance Corp. v. Zellner*, 827 F.2d 1222, 1225 (8th Cir.1987) ("[o]f course, the effective date of the plan cannot be antecedent to the confirmation hearing at which the issues raised by section 1325(a)(4) are to be heard by the court." (quoting 5 COLLIER ON BANKRUPTCY ¶ 1325.05[2][a] (15th ed.1987)(footnotes omitted).

7. *Countrywide Home Loans, Inc. v. Hoopai (In re Hoopai)*, 581 F.3d 1090, 1100–01 (9th Cir. 2009).

8. *Id.*

ty would be valued on the basis of 2009 property values, after the significant declines in value from 2007 to 2009, rather than at the much higher values as of 2005 when their plan was confirmed. The Court concludes, however, that any modified plan must satisfy the best interest test as it applied at the time of the initial confirmation.

A Chapter 13 plan may be modified under § 1329 at any time after confirmation but before all plan payments have been made. Reasons for modification include: to 1) increase or reduce the amount of payments, 2) extend or reduce the time for such payments, 3) alter the amount of distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of payments made on such claim other than under the plan, or 4) reduce amounts to be paid under the plan so long as payments are made to obtain health insurance for the debtor along with other criteria. § 1329(a)(1), (2), (3), and (4). The plan and confirmation requirements of §§ 1322(a), 1322(b), 1323(c), and 1325(a) must be satisfied by any modification to the plan after confirmation. § 1329(b)(1). The issue here is whether by applying the requirements of § 1325(a) to any modification, a new "effective date of the plan" must be defined by the date of the approval of the plan as modified.

This Court agrees with other courts that have held that "effective date of the plan," as it relates to the "best interest" test of § 1325(a)(4), applies only once and, therefore, is the same date under a modified plan as it was under the original plan.[9] The principal reason for this conclusion is

that § 1329(b)(2) specifies that "The plan as modified becomes the plan." The Code thus contemplates only one plan that is effective although its terms may be modified. It would be an anomaly for that one plan, as modified, to have two effective dates. And as the Ninth Circuit's analysis in *Hoopai* suggests, once the plan became binding on creditors that event defined the plan's effective date. Modification of the terms of the plan makes no change to its effectiveness in binding creditors, and therefore cannot change the date on which it became effective.

Debtors argue they are not attempting to avoid making their nonexempt property available to unsecured creditors, but that the market decline simply makes those properties less valuable today than they were in 2005. Although the Court recognizes that devastation in the real estate market has affected the value of Debtor's non-exempt properties, much of the decline continued to occur nearly two years after the properties were to be sold under the Plan. Debtors have provided neither proof of an attempt to sell the properties, nor justification for why such proof is lacking. One could imagine how a creditor could similarly take advantage of changes in the market by seeking modification under § 1329 in times when values are increasing. Which party seeks modification and a new "effective date of the plan" would be controlled solely by market forces. Section 1329(b)(1) does not dictate this result. There should be only one date as of which the determination is made as to what creditors would have received upon liquidation, so the "effective date of the plan" must remain that of the original plan.

9. See, e.g., *Forbes v. Forbes (In re Forbes)*, 215 B.R. 183, 189–90 (8th Cir. BAP 1997); *Fleishman*, 372 B.R. at 73–74. But *see Barbosa v. Soloman*, 235 F.3d 31, 41 (1st Cir.2000)(implying, but not directly holding, that the best interests test must be recalculated at modification, without addressing the "effective date" issue); *accord, In re Murphy*, 474 F.3d 143, 153 (4th Cir.2007).

740

## Conclusion

For the foregoing reasons, this Court concludes that 1) "effective date of the plan," as it applies to § 1325(a)(4), means the date of the confirmation order unless another date is specified in the plan itself; and 2) modification under § 1329 does not alter the "effective date of the plan"—it remains that of the plan as originally confirmed. Here, this means the "effective date" is to remain the same as confirmed on July 24, 2005, and Debtors' Modified Plan must provide for payments to the Trustee having a value equal to what that nonexempt property had as of that date, which was determined to be $60,000. Because the Debtors' modified plan does not meet this requirement, its approval must be denied.